UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RANGE, #297113,

        Petitioner,

v.

        CASE NO. 2:17-CV-11242
        HONORABLE ARTHUR J. TARNOW

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION TO EXPEDITE, DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Duane Range ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging his parole revocation, as well as a motion to expedite this case. Having reviewed the matter, the Court finds that Petitioner has not exhausted his habeas claims in the state courts before seeking review in federal court. Accordingly, the Court shall dismiss without prejudice the petition and

---

[1] Although Petitioner seeks to proceed under 28 U.S.C. § 2241, the Court notes that the exclusive remedy for a state prisoner seeking federal habeas relief is 28 U.S.C. § 2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("numerous federal decisions . . . support the view that all petitions filed on behalf of persons in custody pursuant to state court judgments are filed under section 2254" and are subject to the requirements of the AEDPA); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (when a state prisoner seeks habeas relief, but does not directly or indirectly challenge a state court conviction or sentence, the requirements of § 2254 apply no matter what statutory label is used because the detention arises from a state court process).

deny the motion to expedite. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his 2016 parole revocation proceedings in his pleadings. Petitioner pleaded no contest to operating a motor vehicle while intoxicated, third or higher offense, and was sentenced to three years four months to five years imprisonment in the Isabella County Circuit Court in 2013. He was released on parole to the Detroit Reentry Center in June, 2016 until his discharge date in February, 2018. As a condition of parole, Petitioner was required to participate in a substance abuse program operated by CPI, Inc. According to Petitioner, the program required him to espouse religious doctrines which ran contrary to his own beliefs as a Jehovah's Witness. He objected to such matters, but was told to comply or be punished. The people running the program reported that he was being disruptive and stirring up dissension. In July, 2016, he was charged with misconduct, dismissed from the program, and found guilty of a parole violation (for not completing the substance abuse program). His parole was subsequently revoked and he was returned to prison. Petitioner complained to prison officials alleging a violation of his religious freedoms to no avail. Petitioner does not indicate that he pursued any relief in the Michigan courts.

Petitioner, through counsel, filed the instant habeas petition on April 20, 2017. In his pleadings, he challenges the substance abuse program, the parole revocation proceedings, and the revocation decision asserting a violation of his religious freedoms and his due process rights.

## III. DISCUSSION

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed.

A prisoner filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Wem v. Burt*, No. 5:09-CV-13754, 2011 Wl 825730, *1 (E.D. Mich. March 3, 2011); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL 1743494, *1 (E.D. Mich. April 14, 2008); *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, *1-2 (E.D. Mich. Jan. 18, 2008); *Simmons v. Michigan Dep't of Corrections Parole Bd.*, No. 2:07-CV-15442, 2008 WL 62459, *1 (E.D. Mich. Jan. 3, 2008).

To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have raised both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each claim must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must

exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to establish that he has exhausted his parole revocation claims in the state courts before proceeding in federal court on habeas review. His pleadings do not reflect any attempt to exhaust state court remedies. Petitioner, however, has an available remedy by which to exhaust his parole revocation claims in the state courts. He may file a complaint for a writ of habeas corpus in the appropriate state circuit court, *see* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 383 N.W.2d 626 (1986); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). While the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. There is no time limit for filing a state habeas compliant as long as the prisoner is in custody when the

judgment becomes effective. *Triplett*, 142 Mich. App. at 779.[2] Because Petitioner fails to demonstrate that he has exhausted available state court remedies before seeking federal habeas review, his habeas claims are premature and this case must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner fails to establish that he has fully exhausted his habeas claims in the state courts before proceeding on federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the

---

[2]The Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.201 *et seq*., also provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). This must be done within 60 days of the parole revocation. The circuit court decision is appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.

petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 1, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 1, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant